THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LUCIUS BURKE, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANTONIO BARRERAS, ORLANDO H. VEGA, and MIGUEL EDEN HERNANDEZ, Respondents.

Fourth Department, June 27, 1968.

*John C. Little, Jr., District Attorney* (*Nicholas P. Varlan* of counsel), for appellant.

*John T. Donovan* for Lucius Burke, respondent.

*Charles F. Crimi* for Orlando H. Vega and Miguel Eden Hernandez, respondents.

*Leon N. Armer* for Antonio Barreras, respondent.

*Per Curiam.* On these appeals by the People from orders which sustained demurrers and dismissed the indictments against the several defendants, the basic challenge is to the validity of the indictments in simplified form as permitted by chapter III-a of the Code of Criminal Procedure (§§ 295-a—295-l).

The constitutionality of such simplified forms of indictment must be judged in the light of the appropriate provisions of the United States Constitution and section 6 of article I of the New York State Constitution which provides: " No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury ".

The opinion of Judge VAN VOORHIS in *People* v. *Langford* (16 N Y 2d 32, 34, 36) contains this significant language:

" This indictment was drafted in the short-form method purporting to be authorized by sections 295-a. through 295-l of the Code of Criminal Procedure. The short form of indictment was sustained in *People* v. *Bogdanoff* (254 N. Y. 16) ".

" In the case at bar, apparently no bill of particulars was demanded, nor are we apprised by the record what testimony was before the Grand Jury. The *Bogdanoff* (*supra*) and other decisions mean that unless a defendant demands a bill of particulars, in which event only is a bill of particulars required to be furnished unless the Trial Judge on his own motion so orders, it is to be assumed that the crime charged by the Grand Jury is the same as that disclosed by the People's evidence at the trial. It was open to this defendant on application by his counsel, to demand a bill of particulars and likewise to inspect the minutes of the Grand Jury insofar as it might have been necessary in order to determine whether the bill of particulars set forth the crime for which the Grand Jury indicted him. Since these applications were apparently not made, we are constrained to assume that the indictment by the Grand Jury was for the same crime disclosed by the evidence at the trial at which appellant was convicted ".

In the case of *People* v. *Barreras, Vega* and *Hernandez,* a bill of particulars is in the record. In the case of *People* v. *Burke* only the indictment is before us. Absent the Grand Jury minutes it is not possible to determine whether the Grand Jury indicted for the same crime as charged in the simplified form of indictment. At this stage of the proceedings it cannot be said that the indictment in *People* v. *Burke* and the indictment and bill of particulars in *People* v. *Barreras, Vega* and *Hernandez* are unauthorized or that they violate defendants' constitutional right to be indicted by Grand Jury. It may be that when viewed in the context of the Grand Jury minutes it will be impossible to determine from the bill of particulars and the indictments whether the Grand Jury indicted for the same crimes that are set out in the bills. This would be the case where a situation exists such as stated in the *Bogdanoff* opinion, that is, where the Grand Jury considered a series of related crimes and only indicted for one of them. If such a situation were found to exist then the indictments should be dismissed. However, at this stage it cannot be so determined and hence the indictments, as they appear in both *People* v. *Burke* and *People* v. *Barreras, Vega* and *Hernandez,* should be sustained. Defendants are still entitled to move against the indictments should their inspection of the Grand Jury minutes indicate the fatal constitutional defect pointed out in *Bogdanoff* (*supra*).

In each case the order should be reversed and the indictment reinstated.

BASTOW, P. J., GOLDMAN, DELVECCHIO, MARSH and WITMER, JJ., concur.

Orders unanimously reversed on the law, demurrers disallowed and indictments reinstated.